# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **OZGUR I. OZKAN, M.D.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| **LOYOLA UNIVERSITY MEDICAL** | ) |
| **CENTER, a/k/a LOYOLA UNIVERSITY** | ) |
| **HEALTH CENTER, CHARLES** | ) |
| **BOUCHARD, M.D., AMJAD AHMAD, M.D.,** | ) |
| | ) |
| **Defendants.** | ) |

Case No. **04C 4965**

`JUDGE SHADUR`

`MAGISTRATE JUDGE DENLOW`

## NOTICE OF FILING

TO:    Elisabeth Schoenberger
       770 North Halsted Street
       Suite 205
       Chicago, IL 60622

   **PLEASE TAKE NOTICE** that on Wednesday, July 28, 2004, Defendants Loyola University Medical Center, Charles Bouchard, M.D. and Amjad Ahmad, M.D. filed an **Appearance** and **Notice of Removal** in the United States District Court for the Northern District of Illinois, Eastern Division, a copy of which is attached hereto and served upon you.

By: _Jennifer McMahon_
   One of the Attorneys for Defendants,
   Loyola University Medical Center,
   Charles Bouchard, M.D. and
   Amjad Ahmad, M.D.

Brent J. Graber
Brian W. Bulger
Jennifer M. McMahon
MECKLER BULGER & TILSON LLP
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
312/474-7900
312/474-7898 (Fax)
N:\2122\pleading\nof-fed.doc

`DOCKETED`
`JUL 2 9 2004`

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OZGUR I. OZKAN, M.D., )
 )
   Plaintiff, )
 )
 v. ) Case No. 04C 4965
 )
LOYOLA UNIVERSITY MEDICAL ) JUDGE SHADUR
CENTER, a/k/a LOYOLA UNIVERSITY )
HEALTH CENTER, CHARLES ) MAGISTRATE JUDGE DENLOW
BOUCHARD, M.D., AMJAD AHMAD, M.D., )
 )
   Defendants. )

## NOTICE OF REMOVAL

 Defendants, Loyola University Medical Center ("Loyola"), Charles Bouchard, M.D. and

Amjad Ahmad, M.D., by their attorneys, hereby provide Notice of Removal pursuant to 28

U.S.C. §§ 1441 and 1446 of a civil action from the Circuit Court of Cook County, Civil Division,

to the United States District Court for the Northern District of Illinois, Eastern Division, on the

basis that this Court has diversity jurisdiction and subject-matter jurisdiction over the matter

pursuant to 28 U.S.C. §§ 1331, 1332, and 1441(a), (b). The grounds in support of this Notice of

Removal are as follows:

 1. On June 9, 2004, Plaintiff, Ozgur I. Ozkan, filed his Complaint, Case No.

04L006539, entitled *Ozgur I. Ozkan, M.D. v. Loyola University Medical Center aka Loyola*

*University Health Center, Charles Bouchard, M.D., Amjad Ahmad, M.D.*, in the Circuit Court of

Cook County. Copies of Plaintiff's Summons and Complaint are attached hereto as Exhibit 1.

 2. This matter is properly removable because it arises under this Court's diversity

jurisdiction: (a) upon information and belief, Plaintiff is currently a citizen of the Commonwealth

of Virginia; (b) Defendant Loyola is domiciled in the State of Illinois with its primary place of

business in Maywood, Illinois; (c) Defendant Dr. Bouchard is domiciled in the State of Illinois; (d) Defendant Dr. Ahmad is domiciled in the State of Illinois; (e) the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, as Plaintiff's Complaint states that the damages he seeks are "in excess of $100,000"; and (e) venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

3.      This matter is also properly removable because it arises under this Court's subject-matter jurisdiction: (a) Plaintiff has alleged breach of an employment contract based on a Graduate Medical Education Agreement ("GME") attached as Exhibit A to his Complaint; (b) Plaintiff alleges in paragraph 4 of the Complaint that "the relationship between the parties, as defined by the contract, also incorporated the Housestaff Handbook" (See Housestaff Handbook, relevant excerpts of which are attached hereto as Exhibit 2); (c) the 2002-2003 Benefits Addendum of the GME states that an employee is entitled to [Family and Medical Leave Act] leave "in accordance with the FMLA rules and regulations …;" (d) that provision refers to the Housestaff Handbook for further information regarding leaves of absence; (e) the Housestaff Handbook, Section IV.B, Leave Policies, states the following as to the Family & Medical Leave Act:

> It is the policy of the Loyola University Medical Center to grant employees family leave in accordance with the Family and Medical Leave Act ("FMLA") of 1993.  The intent is to provide employees up to twelve (12) weeks of job protected leave during any twelve- (12) month period.  To be eligible for leave, a house officer must have been employed by the Loyola Medical Center for at least twelve months.  A house officer may request FMLA leave to care for a spouse, child, or parent who has a serious health condition; the birth, adoption, or foster care placement of a child; or his/her own serious health condition.

> Typically, a FMLA leave is unpaid; however, residents may elect to use any available paid time off (vacation, sick, or educational days) concurrently with the FMLA leave.  In the event a housestaff officer elects to use available paid time off, once the available paid time off has been exhausted, the FMLA leave will be unpaid.

A request for FMLA leave must be made in writing between the house officer prior to the beginning of leave. The housestaff officer should provide the program director, the Department of Human Resources, and the Graduate Medical Education Office with a copy of the request. Where applicable, the housestaff office must also complete appropriate forms with the Department of Human Resources to continue medical, dental, life insurance and long-term disability coverage during the FMLA leave. The resident will be billed for the amount of any payroll deductions to continue insurance coverage. Vacation time will not be earned during the unpaid portion of the leave of absence. If the FMLA leave exceeds the allowable absence by specific board requirements or causes the housestaff officer to miss a key rotation, the housestaff officer must extend his/her training to complete the requirements and/or rotation.

4.      In short, the policy to which Plaintiff refers in his Complaint is simply Loyola's explication of its FMLA-compliance policy and is not a separate contractual provision. The entire FMLA provision in the contract mirrors what Loyola is already required to provide pursuant to federal law, and therefore offers no extra or additional contractual benefit to Plaintiff. The allegations in the Complaint that Plaintiff was denied leave under this policy are, in actuality, an allegation that he was denied leave pursuant to the Family and Medical Leave Act. A cause of action under FMLA establishes federal subject-matter jurisdiction.

5.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of the Defendants' receipt of the Complaint. Loyola and Dr. Bouchard were served with the Summons and Complaint on June 28, 2004, and Dr. Ahmad was served on June 30, 2004.

6.      Defendants will file a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendants pray that the above action now pending against them in the Circuit Court of Cook County, Civil Division, be removed to this Court.

Respectfully submitted,


By: _____

One of the Attorneys for Defendants,
Loyola University Medical Center,
Charles Bouchard, M.D. and
Amjad Ahmad, M.D.


Brent J. Graber
Brian W. Bulger
Jennifer M. McMahon
Meckler Bulger & Tilson LLP
123 North Wacker Drive
Suite 1800
Chicago, IL  60606
(312) 474-7900
(312) 474-7898 (Fax)

N:\2122\pleading\removal.doc

## <u>CERTIFICATE OF SERVICE</u>

I, Jennifer M. McMahon, an attorney, state under oath that I caused a copy of the

foregoing **Appearance** and **Notice of Removal** to be served upon the following attorney,

via messenger delivery this 28th day of July, 2004.

> Elisabeth Schoenberger
> 770 North Halsted Street
> Suite 205
> Chicago, IL  60622

_Jennifer McMahon_
Jennifer M. McMahon

N:\2122\pleading\cos-jmm.doc

# Exhibit 1

| 2120 – Served | 2121 – Served |
|---|---|
| 2220 – Not Served | 2221 – Not Served |
| 2320 – Served By Mail | 2321 – Served By Mail |
| 2420 – Served By Publication | 2421 – Served By Publication |
| **SUMMONS** | **ALIAS – SUMMONS** |

(Rev.12/3/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW _____ DIVISION

(Name all parties)

Ozgur Ozkan

v.

Loyola University Medical Center aka Loyola University
Health System, Charles Bouchard, MD, Amjad Ahmad, MD.

No. 04L 006539

CALENDAR T

President of Loyola University Med Center
Loyola University Medical Center
Dr. Anthony Barbato
2160 S. First Ave.
Maywood, IL 60153

## SUMMONS

**To each defendant:**

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☑   Richard J. Daley Center, 50 W. Washington, Room 801_____, Chicago, Illinois 60602

☐ **District 2 – Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 – Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 – Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 – Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 – Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

**You must file within 30 days after service of this summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

   This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: 36975_____

Name: Elisabeth Shoenberger_____

Atty. for: Plaintiff_____

Address: 770 N. Halsted Street, Suite 205_____

City/State/Zip: Chicago, Illinois 60622_____

Telephone: 312-733-1601_____

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ **JUN 0 9 2004**

DOROTHY BROWN
Clerk of COOK CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

(Area Code)   (Facsimile Telephone Number)

**SEAL**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

06/30/2004 09:55 FAX 7082168059        GENERAL COUNSEL                      ☑004

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CIVIL DIVISION

Ozgur I. Ozkan, M.D.         )
      Plaintiff,         )
                        )      No.
v.                      )
                        )
Loyola University Medical Center aka  )
Loyola University Health Center,     )
Charles Bouchard, M.D.,          )
Amjad Ahmad, M.D.            )
      Defendant.         )
                        )

04L 005539
CALENDAR T
BREACH OF CONTRACT

*Damages in Excess of $100,000 00*

## COMPLAINT

Plaintiff Ozgur Ozkan ("Plaintiff") claims as follows:

### JURISDICTION

1. This court has subject matter jurisdiction of this action because:

    a. Defendant Loyola University Medical Center is a corporation organized and existing under the laws of the State of Illinois with its headquarters and main place of business in Illinois;

    b. Plaintiff primarily performed services under contract in the State of Illinois.

    c. Defendant Charles Bouchard ("Defendant Bouchard") is a resident of the State of Illinois.

    d. Defendant Amjad Ahmad ("Defendant Ahmad") is a resident of the State of Illinois.

### FACTS AND CLAIM FOR RELIEF

2. On July 1, 2002, Plaintiff and Defendant entered into a contract for employment for valuable consideration. A true and correct copy of this contract is attached to this complaint and incorporated by reference in it as Exhibit "A."

3. This contract set forth the relationship between the Plaintiff and Defendant Loyola University Medical Center. The basis of the contract is that in exchange for working for the University as a Resident, Plaintiff would receive training in the field of Ophthalmology as well as receive a stipend and benefits. These benefits included, but were not limited to, Sick Leave and FMLA Leave/ General Leave.

4. The relationship between the parties, as defined by the contract, also incorporated the Housestaff Handbook which set the procedures to be used with respect to disciplinary proceedings such as warnings, suspensions, and terminations.

5. Plaintiff began work for Defendant Loyola University Medical Center prior to the start of the contract. His first action on behalf of Loyola occurred on or about June 15, 2002.

6. Two of Plaintiff's supervisors were Defendant Bouchard and Defendant Ahmad.

7. Defendant Ahmad engaged in deliberately egregious conduct aimed at demoralizing and humiliating the Plaintiff. This conduct included, but was not limited to, deliberately refusing to train the Plaintiff; malicious comments made regarding the Plaintiff in the Plaintiff's and other persons' presence; falsely accusing the Plaintiff of improper treatment of patients; and ridiculing the Plaintiff in the presence of other residents and supervisors and staff.

8. The result of Defendant Ahmad's conduct was to cause the Plaintiff to suffer a severe depression and also to exacerbate his medical condition of an Arnold-Chiari Malformation.

9. Plaintiff repeatedly spoke to Defendant Loyola University Medical Center Staff, especially the head supervisor Dr. Charles Bouchard, with respect to the egregious conduct of Defendant Ahmad, but the conduct continued.

10. In October 2002, Defendant Loyola University Medical Center at the instigation of Defendant Bouchard filed a disciplinary action against the Plaintiff in the form of a warning.

11. Plaintiff sought to appeal that decision and won his appeal on or about December 26, 2002.

12. According to Defendant Loyola University Medical Center's policies and procedures, as set forth in the Housestaff Handbook and thus incorporated into the parties' contract, that incident should have been expunged from Plaintiff's record and not pursued in further actions against him.

13. Prior to the appeal, during a conversation between Plaintiff and Defendant Bouchard, Defendant Bouchard stated that not only would the ophthalmology department continue to consider the warning justified, but in fact the department was upset by Plaintiff's use of the Defendant Loyola University Medical Center's appeals procedure and would retaliate against him for pursuing his appeal.

14. On or about March 11, 2003, Plaintiff was suspended for one week pursuant to allegations made against him by Defendant Ahmad. These allegations were false and were made with the intent to further harass and harm the Plaintiff.

15. Plaintiff appealed the decision of the March 11, 2003 suspension.

16. During the appeal hearing regarding the suspension, Kenneth Micetich, M.D., chairperson of the appeals committee, brought up the incidents which were the basis of the warning. This clearly violated the policies and procedures of Defendant Loyola University Medical Center contained in the Housestaff Handbook and referenced and incorporated in the contract between Defendant Loyola University Medical Center and the Plaintiff.

17. As a result of breaching the contract, and the improper actions of Defendant Bouchard and Defendant Ahmad, Plaintiff's appeal was denied on or about June 5, 2003.

18. On June 10, 2003, Defendant Bouchard wrote a letter to Plaintiff terminating his employment with Defendant Loyola University Medical Center.

19. That letter contained intentional falsehoods relating to the Plaintiff which seriously damaged his reputation and caused him to lose his position with Defendant Loyola University Medical Center. These falsehoods include, but are not limited to, unfounded and exaggerated charges, lies about Plaintiff's attempt to reach Defendant Bouchard, and lies about statements allegedly made by Plaintiff.

20. Plaintiff appealed the termination.

21. Defendant Loyola University Medical Center again violated the policies and procedures contained in the Housestaff Handbook, when Steven DeJong, M.D., chairperson of the appeals committee dealing with the termination, introduced into evidence Defendant's personnel file which again incorporated incidents from the warning with respect to the procedure to be followed with respect to appealing the termination. Again this conduct was a clear breach of Defendant Loyola University Medical Center's and Plaintiff's contract.

22. Defendant Loyola University Medical Center breached its contract with the Plaintiff by firing the Plaintiff while he was out on sick leave as a result of a serous medical condition, thereby violating the Family Medical Leave Act provision provided to the Plaintiff as a benefit provided in the contract. Defendant Loyola University Medical Center knew that Plaintiff's had a serious illness as a result of him taking sick leave for urgent hospitalizations during December 2002 and April 2003.

23. Defendant Loyola University Medical Center breached its contract with the Plaintiff by failing to educate the Plaintiff in accordance with the Housestaff Manual. This is evidenced by Defendant Ahmad's complete unwillingness to work with the Plaintiff or train the Plaintiff. This refusal occurred during frequent occasions from October 2002 through April 2003.

24. Defendant Bouchard through his defamatory statements, intentional harassment of the Plaintiff, and deliberate manufacturing of Plaintiff's termination caused the Plaintiff to suffer severe emotional distress.

## CLAIM I

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs in 1-24 of this Complaint with the same force and effect as if set forth herein.

26. Defendant Loyola University Medical Center breached the contract in that it has failed and neglected to perform the contract insofar as it has failed or refused to educate the Plaintiff in accordance to the agreement; terminated the Plaintiff in violation of the agreement; retaliated against the Plaintiff in violation of the agreement; failed to properly discipline the Plaintiff in violation of the agreement; and failed to provide leave under the Family Medical Leave Act in violation of the agreement.

27. Plaintiff has demanded that Defendant Loyola University Medical Center fulfill its obligations on the contract, but the Defendant Loyola University Medical Center has failed and refused and continues to fail and refuse to do so.

28. By reason of the Defendant Loyola University Medical Center's breach of contract, the Plaintiff has been substantially damaged. This damage includes, but is not limited to, loss of pay, loss of future income, loss of reputation, and the accrual of attorney fees and costs to pursue this action.

## CLAIM II

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs in 1-24 of this Complaint with the same force and effect as if set forth herein.

30. Defendant Ahmad has intentionally inflicted emotional distress upon the Plaintiff.

31. Plaintiff seeks all remedies possible for this conduct.

## CLAIM III

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs in 1-24 of this Complaint with the same force and effect as if set forth herein.

33. Defendant Bouchard has intentionally inflicted emotional distress upon the Plaintiff.

34. Plaintiff seeks all remedies possible for this conduct.

## CLAIM IV

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs in 1-24 of this Complaint with the same force and effect as if set forth herein.

36. Defendant Bouchard should be held liable under an action of defamation based on the June 10, 2003 termination letter.

37. Plaintiff seeks all remedies possible for this conduct.

## PRAYER FOR RELIEF

Plaintiff demands judgment against Defendants:

1. To be made whole for all financial losses resulting from the breach of the contract on June 10, 2003, including but not limited to lost wages, loss of prospective wages, and loss of opportunity,

2. Pre-judgment interest on that sum from June 10, 2003, as allowed by law,

3. Declaratory relief including but not limited to ordering Defendant Loyola University Medical Center to provide the Plaintiff with credit for his residential year, enjoining the Defendants from future defamatory statements, and expunging his record of any adverse employment actions,

4. Punitive and compensatory damages,

5. A reasonable attorney's fee, and

6. The costs of this action.

I, Ozgur Ozkan, certify that I am the Plaintiff in the above entitled action. The allegations in this complaint are true.

"OFFICIAL SEAL"
WARREN E. BRUBAKER
Notary Public, State of Illinois
My Commission Expires 07/23/2006

Upon penalties as provided by law pursuant to 735 ILCS 5/1-109 The abovesigned certifies that the statement set forth herein are true and correct.

Dated: June 7, 2004

Attorney for Plaintiff
Elisabeth Shoenberger
Law Offices of Elisabeth Shoenberger
770 N. Halsted Street, Suite 205
Chicago, Illinois 60622
312-733-1601 x 420
Attny no. 36975

## GRADUATE MEDICAL EDUCATION AGREEMENT

This Agreement is between LOYOLA UNIVERSITY MEDICAL CENTER and/or LOYOLA UNIVERSITY HEALTH SYSTEM, an Illinois not-for-profit corporation, (Loyola) and Ozkan, Ozgur Ismail

**Term of Agreement:**

| | | | |
|---|---|---|---|
| Agreement commences on the date House Officer obtains Illinois Medical Licensure, and if applicable, appropriate visa, but no earlier than: | 07/01/02 | Residency Program: | Ophthal |
| Agreement terminates one year from the date of commencement of this Agreement, but no earlier than: | 06/30/03 * | Position: | PGY-3 |
| Stipend for the Term: | $39,983.00 | | |

\* - unless terminated sooner pursuant to established policies and procedures

### PREAMBLE

This Agreement is entered into for the purpose of defining the relationship between Loyola and the House Officer during the House Officer's participation in Loyola's graduate medical education and clinical training program and supersedes all prior agreements for the same purpose covering portions of or all of the same period of time covered by this Agreement.

### STIPEND AND BENEFITS

Loyola shall provide the following stipend and benefits:

1. Loyola shall pay the stipend set forth above during the term of this Agreement. Payment obligations herein do not arise until such time as the house officer obtains or regains (in the event of loss) appropriate state licensure and work authorization papers.

2. Loyola shall pay to the House Officer those benefits listed on the Benefits Addendum 2002-03 edition which is attached hereto as Exhibit A, and made a part hereof.

3. Loyola shall provide defense and indemnity against claims of liability and legal actions asserted or brought against the House Officer for professional negligence within the scope of the activities assigned to the House Officer under this Agreement. The House Officer agrees to provide, and it is a condition of defense and indemnification that the House Officer provide, prompt notice of any claim or suit and cooperation in the investigation and defense of any such claim or suit. Loyola reserves the right to select defense counsel and to investigate, settle or otherwise dispose of the matter as it sees fit. This Agreement to defend and indemnify does not extend to acts beyond the scope of activities assigned under this Agreement or to intentionally tortious or criminal acts.

### HOUSE OFFICER RESPONSIBILITIES

The House Officer shall:

1. Obtain and maintain, at own expense, medical licensure in the State of Illinois. Should House Officer fail to become licensed to practice medicine in the State of Illinois by September 1, 2002, and when applicable, fail to obtain the appropriate authorization forms, visas, and other permits as may be required by the United States Immigration and Naturalization Service, by September 1, 2002, this contract will become null and void.

2. Immediately notify the Office of Graduate Medical Education of any notice of license revocation, suspension or restriction. If at any time within the term of this Agreement the House Officer ceases to be properly licensed, the Agreement is terminated.

3. Participate in safe, effective and compassionate patient care under supervision, commensurate with his or her level of advancement and responsibility. To participate in hospital, community or research activities as required and assigned by the Program Director. Failure to participate as described may be grounds for immediate termination.

4. Complete and sign, within ten (10) days of each assignment, all medical charts of Medical Center patients. Loyola may suspend the House Officer for failure to complete and sign medical charts, by providing the House Officer written notice of the suspension. Such suspension shall be immediately effective until all outstanding medical charts are completed and signed. Upon such suspension, if the House Officer has available, accrued vacation days, the House Officer shall be paid his or her stipend, for each day of such suspension, and such days shall be charged to the House Officer's vacation bank. Thereafter, if the House Officer still has not completed and signed all outstanding medical charts during such suspension, the House Officer shall be suspended without pay, and may be dismissed from the Program without credit.

5. Apply cost containment measures in the provision of patient care.

6. Outside professional activities not otherwise assigned must be approved in advance by the Program Director. Failure to obtain advance approval for outside activities may be grounds for immediate termination.

OZKAN 0320

Form #280084 rev. 3/98; 2/02

2002-2003 BENEFITS ADDENDUM TO:
LOYOLA UNIVERSITY MEDICAL CENTER
GRADUATE MEDICAL EDUCATION AGREEMENT

A.    Individual coverage in Preferred Provider Organizations (PPO) or Health Maintenance Organizations (HMO) is effective on the first day of the term of this agreement, is provided with the hospital paying 100% of the premiums. Insurance is available for dependents upon request and the premiums are to be paid by the House Officer. A booklet is available describing the specific benefits offered.

B.    Individual dental coverage as defined in the policy, to be effective on the first day of the term of this agreement, is provided with the hospital paying 100% of the premiums. Individual may choose to participate in a traditional dental plan or a Dental Maintenance Organization (DMO). Dental coverage is available for dependents upon request and the premiums are to be paid by the House Officer.

C.    Long-term disability insurance and life insurance as defined in the policy is provided with the hospital paying 100% of the premiums.

D.    Workmen's compensation coverage under the laws of Illinois for protection against accidents or illnesses described in said laws.

E.    Sick Leave - twelve (12) days with stipend, not accruable beyond the terms of this agreement. Program Director shall approve paid leave time, and may require a physician's certification of sickness or disability.

F.    Vacation - three weeks (21 calendar days) with stipend, to be scheduled by mutual agreement with Department Chair. Personal leave is to be interpreted as fifteen (15) working days of paid vacation. Vacation time is not cumulative from year-to year. Terminal vacation, payment in advance or payment for unused time will not be permitted.

G.    Family Medical (FMLA) Leave/General Leave - In accordance with the FMLA rules and regulations, a House Officer absent from work for their own illness, family illness or maternity/paternity reasons is eligible for up to twelve (12) weeks of unpaid leave unless circumstances allow accrued leave to be used. For further information regarding Leave of Absence, please consult Housestaff handbook, a copy of which will be provided to the House Officer. If a House Officer is absent from work for any personal reasons any accrued leave may be used to compensate the House Officer.

H.    Funeral Leave
Funeral leave is granted at the discretion of the program director. The amount of time off is based on the housestaff member's relationship to the deceased and will range from one to three days.

I.    Special Educational Leave - as part of the training program, each department is encouraged to allow seven (7) days of leave for educational purposes relevant to the training program. The guidelines for providing such leave and reimbursement for expenses are left to the discretion of each Department Chair.

J.    Armed Services Reserve Duty Leave - two weeks, without stipend, in addition to other approved leave.

K.    Customary hospital lodging, meals and laundry while on call at no cost to the House Officer.

**BENEFITS ADDENDUM**
**2002-2003**

L.     Physical examination with appropriate laboratory evaluations at no cost to the House Office is required, and is to be taken at the onset of service hereunder. Vaccinations will be provided on a voluntary basis or according to Departmental policy.

M.     Customary reimbursement for meals and/or snacks while on call through a meal receipt system or other approved method.

N.     Education Assistance Benefit:

    1.     Employees are eligible for tuition benefits immediately upon hire, in the following programs: University College, evening and summer sessions, Dental Hygiene (undergraduate), Institute of Pastoral Studies, Graduate School, School of Education and limited openings in the Graduate School of Business. Classes may be taken after business hours and on Saturdays. To enroll in summer sessions you must be employed by April 1.

    2.     Spouses and dependents of employees are eligible for tuition remission in all **undergraduate** programs immediately upon the employee's hire with the University.

    3.     Loyola University Medical Center is required to report the amount of tuition credited on behalf of employees and their dependents as taxable earnings to the employee in accordance with Internal Revenue Service (IRS) requirements and tax regulations.

O.     Employee Assistance Program
The Employee Assistance Program (EAP) is a confidential, voluntary service designed to assist faculty, staff, and administrators with personal or work-related problems. Some of the problems the EAP handles include marital concerns, family conflict, alcohol/drug abuse, emotional difficulties, and job stress. The service provides free assessment and short term counseling when appropriate. In addition, every effort is made to locate local referral resources that will provide affordable services for those being referred.

P.     Effect of Leave for Satisfying Completion of Program
Each resident will be allowed leave for sickness/disability/vacation per contractual year leave in accordance with Sections E through G. If a personal leave compromises a housestaff member's ability to satisfy specialty board training requirements, the housestaff member may be required to extend the training period. The Program Director will review the specific board requirements needed to complete the Program; supplemental time will be determined if necessary and added to the current academic year.

Q.     Duty Hours
Each residency program shall set resident duty hours in accordance with guidelines of the Accreditation Council for Graduate Medical Education and by policies set by the Residency Review Committee Program Requirements.

For additional policies concerning tuition assistance, please refer to the Educational Assistance Benefit Addendum.

Exhibit 2



# LOYOLA UNIVERSITY MEDICAL CENTER

## HOUSESTAFF   HANDBOOK

## POLICIES AND PROCEDURES
## FOR RESIDENTS



LOYOLA
UNIVERSITY
HEALTH SYSTEM

Loyola University Chicago

LOYOLA UNIVERSITY MEDICAL CENTER
2160 South First Avenue
Maywood, IL  60153
Telephone: (708) 216-9000
Edition 2002/03

# TABLE OF CONTENTS

I. Introduction
    A. Mission Statement
    B. Institutional Commitment to Graduate Medical Education
    C. Commitments to Residents

II. General Information
    A. Directory/Organization of Graduate Medical Education Office
    B. Contracts /Terms and Conditions
    C. Resident Eligibility and Resident Selection
    D. Resident Requirements
    E. Duty/On-Call Hours
    F. Residency Description
    G. Housestaff Governance Committee
    H. Medical Records Documentation
    I. Moonlighting and Resident Employment Outside the Residency Program
    J. Professional Liability
    K. Resident Responsibilities
    L. Resident Supervision
    M. Risk Management Information
    N. Resident Eligibility and VISA Sponsorship
    O. Office of the Ombudsperson

III. Policies and Procedures
    A. Policy and Procedure Manuals
    B. Residents Records
    C. Appeals/Grievance Procedures
    D. Chief Residents
    E. Program Downsizing
    F. Delinquent Medical Records
    G. Evaluations and Promotions
    H. Licensing and Resident Eligibility
    I. Off- Site Electives
    J. Physician Impairment and Substance Abuse
    K. Policy for Academic Probation
    L. Policy for Corrective Action
    M. Harassment in the Workplace
    N. Termination/Completion of Residency Program
    O. Resolution of Resident Issues

IV. Benefits
    A. Guide to Benefits
    B. Leave Policies
    C. Insurance Benefits
    D. Parking Policy
    E. Stipends and Payroll
    F. Other Services Available

VI. Glossary of Terms

## RESIDENT POLICY BOOK

## INTRODUCTION

This book has been prepared as a guide and reference for all residents. * The purpose of written policies is to establish guidelines regarding the Loyola University Medical Center and the responsibilities expected from a resident. This policy book, however, is not a contract of employment or a guarantee of future training for any particular time period. Formal contracts of any kind are recognized only when they are in writing and signed by a designated LUMC official.

Please read the contents of this handbook carefully. This is one of the many channels of communication we maintain to create a productive learning environment. All residents should use this book as a reference to answer questions regarding all of our policies. It is hoped that the use of these policies will assist in working in a fair and equitable manner.

This policy book will be used as an ongoing document that will be amended and updated as needed. Residents are expected to become familiar with and comply with all policies set forth in this policy book.

_____

*In keeping with the American Medical Association's *Graduate Medical Education Directory* and the ACGME, the word resident is used to designate all graduate medical education trainees in the Loyola University Medical Center Graduate Medical Education programs.

| HOUSESTAFF HANDBOOK |
| :---: |
| Policies and Procedures |

## IV. B.  LEAVE POLICIES

**B. 1. Sick Leave**
Paid sick leave is provided to offset loss of earnings because of illness.  Sick leave may not be used for
vacation time or personal leave.  Sick leave is granted to housestaff members who are absent from work
and unable to perform their assigned duties due to their own personal illness.  Each housestaff member is
allowed twelve (12) days of paid sick leave per year.  Absences due to sickness or injury should be
reported to the program director and chief resident.  Any sick time not used during a given year cannot be
carried over to the following year.  Sick leave does not accrue during a leave of absence.

**B. 2. Family Medical Leave Act**
It is the policy of the Loyola University Medical Center to grant employees family leave in accordance with
the Family and Medical Leave Act ("FMLA") of 1993.  The intent is to provide employees up to twelve (12)
weeks of job protected leave during any twelve- (12) month period.  To be eligible for leave, a house
officer must have been employed by the Loyola University Medical Center for at least twelve months. A
house officer may request FMLA leave to care for a spouse, child, or parent who has a serious health
condition; the birth, adoption, or foster care placement of a child; or for his/her own serious health
condition.

Typically, a FMLA leave is unpaid; however, residents may elect to use any available paid time off
(vacation, sick, or educational days) concurrently with the FMLA leave.  In the event a housestaff officer
elects to use available paid time off, once the available paid time off has been exhausted, the FMLA leave
will be unpaid.

A request for FMLA leave must be made in writing between the house officer prior to the beginning of
leave. The housestaff officer should provide the program director, the Department of Human Resources,
and the Graduate Medical Education Office with a copy of the request. Where applicable, the housestaff
office must also complete appropriate forms with the Department of Human Resources to continue
medical, dental, life insurance and long-term disability coverage during the FMLA leave. The resident will
be billed for the amount of any payroll deductions to continue insurance coverage. Vacation time will not
be earned during the unpaid portion of the leave of absence. If the FMLA leave exceeds the allowable
absence by specific board requirements or causes the housestaff officer to miss a key rotation, the
housestaff officer must extend his/her training to complete the requirements and/or rotation.

**B. 3. Maternity/Paternity Leave of Absence**
It is the policy of Loyola University Medical Center to grand housestaff officers maternity/paternity leave for
the birth, adoption, or foster care placement of a child. In granting maternity/paternity leaves, Loyola
University Medical Center will follow the requirements of the Family Medical Leave Act of 1993.  Please
refer to section IV.B.2. Family Medical Leave Act listed above.

**B. 4. Personal Leave of Absence**
Housestaff may request a personal leave of absence from the program director in cooperation with
Human Resources Department.  A leave agreement must be formalized in writing between the house
officer and the program director prior to the beginning of the leave.  A house officer is not eligible for a
leave of absence unless he or she has completed one contract year of training.

To begin the process, the house officer must submit a written request to the department chair at least 30
days prior to the beginning of the leave (except in case of emergency).  The Leave of Absence Form,
obtainable from Human Resources, must contain the reason(s) for the leave, beginning and return dates,
the house officer's signature, and the department director's approval and signature.

In most cases, a leave of absence should not exceed eight weeks.  Benefits coverage is continued during
leave under the conditions specified by the Loyola University personnel policy.  A house officer must first
use available vacation time (and sick time, where applicable) to minimize the length of unpaid leave.
Once the vacation allowance is exhausted, subsequent leave will be unpaid, if eligible, under provisions of

**IV.B LEAVE POLICIES, cont'd.**

the Family Medical Leave Act. Under no circumstances should additional paid leave be granted to compensate the house officer for vacation time used during a leave of absence.

If a personal leave compromises a house officer's ability to satisfy specialty board training requirements, the written leave agreement should specify how these requirements will be made up. A housestaff member may be required to extend the training period for any dates of absence in excess of allowable vacation time. During the extension, the housestaff member will receive regular salary and benefits except for vacation allowance.

**B. 5. Funeral**
Funeral leave is granted at the discretion of the program director. The amount of time off is based on the housestaff member's relationship to the deceased, but typically will range from one to three days.

**B. 6. Jury Duty**
The University supports a housestaff member's civic duty and responsibility to serve on a jury. When a housestaff member is selected for jury duty, he or she should notify the program director immediately. Jury duty does not affect continuous stipends or benefits.

**B. 7. Educational Meetings**
Educational Leave allows the resident five (5) days of leave for educational purposes relevant to the training program. Housestaff members may attend education meetings according to the departmental guidelines at the discretion of the program director and the department chair. The dates of such meetings should not interfere with patient care. Excused absence for attending such meetings will not extend beyond dates of the conference and necessary travel time. Additional days will be considered vacation time and should be scheduled with the permission of the program director.

**B. 8. Vacation**
House officers are eligible for three weeks (15 working days) paid vacation each contract year. Vacation approval and scheduling procedures are under the jurisdiction of the individual departments. All requests for vacation time must be submitted to the department on the appropriate form, and fully approved in accordance with the department's time limits and other procedures.

Vacation time is not cumulative from year-to-year. Terminal vacation, payment in advance or payment for unused time will not be permitted. Vacations are not allowed on certain rotations/units. Residents should check with the Department Chief Resident regarding restrictions. Residents are encouraged to select their vacation periods early in the year on a first-come, first-service basis.

Unapproved time off beyond vacation dates will be considered an unexcused absence and may be cause for disciplinary action and loss of pay.

**B. 9. Unexcused Absence/leave**
Absence from regular duty hours and on-call assignment without prior departmental approval, notification to Telecommunications and notification of all other individuals necessary to assure that clinical and administrative duties are covered may result in disciplinary action or dismissal from the program.

GMEC Approved: April 7, 2000

Reviewed: April 7, 2000

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| | |
|---|---|
| **(a) PLAINTIFFS** | **DEFENDANTS** |
| Ozgur I. Ozkan, MD | Loyola University Med Center |
| **(b)** County of Residence of First Listed Plaintiff _____ (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed _____ Cook (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
| 04C 4965 | McKled Bulger & Tilson |

**04C 4965**

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Inj. | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☒ 220 Foreclosure | ☒ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **PRISONER PETITIONS** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

FMLA   FMLA

DOCKETED   JUL 29 2004

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ _____
- CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes  ☐ No

## VIII. This case

- ☒ is not a refiling of a previously dismissed action.
- ☐ is a refiling of case _____, previously dismissed by Judge _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 7/28/04 | Jennifer M. McMahon |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

Ozgur I. Ozkan, M.D.

                Plaintiff

v.

Loyola University Medical Center a/k/a, Loyola University
Health Center, Charles Bouchard, M.D. and Amjad Ahmad, M.D.

                Defendants

Case Number **04C 4965**

JUDGE SHADUR

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR

Loyola University Medical Center
Charles Bouchard, M.D. and
Amjad Ahmad, M.D.

MAGISTRATE JUDGE DENLOW

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE | *[signature]* | SIGNATURE | *[signature]* |
| NAME | Brent J. Graber | NAME | Brian W. Bulger |
| FIRM | Meckler Bulger & Tilson LLP | FIRM | Meckler Bulger & Tilson LLP |
| STREET ADDRESS | 123 N. Wacker Drive, Suite 1800 | STREET ADDRESS | 123 N. Wacker Dr., Ste. 1800 |
| CITY/STATE/ZIP | Chicago, Illinois 60606 | CITY/STATE/ZIP | Chicago, Illinois 60606 |
| TELEPHONE NUMBER (312) 474-7900 | FAX NUMBER (312) 474-7898 | TELEPHONE NUMBER (312) 474-7900 | FAX NUMBER (312) 474-7898 |
| E-MAIL ADDRESS: brent.graber@mbtlaw.com | | E-MAIL ADDRESS brian.bulger@mbtlaw.com | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06180725 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 00335134 | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | | MEMBER OF TRIAL BAR? YES ☒ NO ☐ | |
| TRIAL ATTORNEY? YES ☒ NO ☐ | | TRIAL ATTORNEY? YES ☒ NO ☐ | |
| | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ | |
| (C) | | (D) | |
| SIGNATURE | *[signature]* Jennifer McMahon | SIGNATURE | |
| NAME | Jennifer M. McMahon | NAME | |
| FIRM | Meckler Bulger & Tilson LLP | FIRM | |
| STREET ADDRESS | 123 N. Wacker Dr., Suite 1800 | STREET ADDRESS | |
| CITY/STATE/ZIP | Chicago, Illinois 60606 | CITY/STATE/ZIP | |
| TELEPHONE NUMBER (312) 474-7900 | FAX NUMBER (312) 474-7898 | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS Jennifer.mcmahon@mbtlaw.com | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06225612 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | | MEMBER OF TRIAL BAR? YES ☐ NO ☐ | |
| TRIAL ATTORNEY? YES ☒ NO ☐ | | TRIAL ATTORNEY? YES ☐ NO ☐ | |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ | | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | |

FILED FOR DOCKETING ED-7

04 JUL 28 PM 4:40

CLERK U.S. DISTRICT COURT

DOCKETED
JUL 29 2004