# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4965 | **DATE** | 10/13/2004 |
| **CASE TITLE** | Ozgur Ozkan, M.D. vs. Loyola University Medical Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Order. Defendants' motion to dismiss Count IV is granted. (4-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 1 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 10/13/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OZGUR I. OZKAN, M.D., )
)
        Plaintiff, )
)
v. ) No. 04 C 4965
)
LOYOLA UNIVERSITY MEDICAL CENTER, )
et al., )
)
        Defendants. )

DOCKETED
OCT 1 4 2004

MEMORANDUM ORDER

    This Court's oral ruling at the time of presentment of the motion by defendants Loyola University Medical Center ("Loyola") and Drs. Charles Bouchard and Amjad Ahmad to dismiss all counts of the Complaint brought against them by Dr. Ozgur Ozkan disposed of all facets of that motion except for the part that addressed Dr. Ozkan's Count IV claim (which sounds in defamation). Dr. Ozkan has now complied with this Court's oral directive that required a response in that regard, so that the remaining tag end of the motion is now ripe for decision.

    In Count IV Dr. Ozkan has targeted Loyola's June 10, 2003 notice of his termination from its Ophthalmology Residency Training Program, authored by Dr. Bouchard, as the assertedly defamatory statement. Although Dr. Ozkan did not attach a copy of the notice to his Complaint (as would have been preferable to his simply adverting to it in Complaint ¶18 and characterizing its contents in Complaint ¶19), defendants have properly attached a photocopy of the letter as Ex. C to their memorandum in support

of the motion. It is of course the letter itself, rather than its characterization in Complaint ¶19, that controls for Fed. R. Civ. P. ("Rule") 12(b)(6) purposes.

It is thus incorrect for Dr. Ozkan to say in Complaint ¶19 that the letter, which set out his asserted deficiencies that were the predicate for termination, "caused him to lose his position with Defendant Loyola University Medical Center"--it was obviously the asserted deficiencies themselves, and not the document, that were the cause. And with that being so, Dr. Ozkan has failed to allege any <u>damages</u> that assertedly flowed from the letter, so that he is compelled to rely on one or two of the categories of per se defamatory statements: statements that impute an inability to perform or a want of dignity in discharging employment duties and statements that impute a lack of ability in his trade or profession.[1]

On that score alone the challenged statements might stand muster. But where Dr. Ozkan fails instead is in his effort to escape the privilege that attaches to communications such as the June 10 letter (see, e.g., <u>Krasinski v. United Parcel Service, Inc.</u>, 124 Ill.2d 483, 490, 530 N.E.2d 468, 471 (1988)). In that

---

[1] Although Dr. Ozkan's Mem. 3 seeks leave to amend the Complaint to place his allegations under either or both of those rubrics, any such step is unnecessary under the standard for evaluating Rule 12(b)(6) motions as set out in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) and reconfirmed in <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

respect Dr. Ozkan seeks to respond by speculating that the transmittal of a copy or copies of the letter as indicated at its foot may have been unprivileged:

> cc: Graduate Medical Education Office
> Rita G. Ndinka[2]

Such a Micawber-like hope that "something may turn up" does not justify retention of the defamation claim at this time. Ozkan will have ample opportunity for discovery in the course of this litigation, and if his presently unsupported speculation were to prove out he will be free to reassert his claim. In the meantime, defendants' motion to dismiss Count IV is granted.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 13, 2004

---

[2] [Footnote by this Court] It is unclear whether the "cc" designator means that a single copy was sent to a Ms. Ndinka at the indicated office or that copies were sent to each.